# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MICHAEL GRESHAM,

     Plaintiff,

v.                                       Case No. 13-10351

DAPHNE JOHNSON, et al.,

     Defendants.

_____/

## ORDER DENYING PLAINTIFF'S APPLICATION FOR LEAVE
## TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE
## AND DISMISSING COMPLAINT

Michigan state prisoner Michael Gresham has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 and an application to proceed without prepayment of the $350.00 filing fee for this action. *See* 28 U.S.C. § 1915(a)(1). Plaintiff names fourteen Defendants. He seeks monetary damages and injunctive relief.

Under the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), a prisoner is prevented from proceeding *in forma pauperis* in a civil action under certain circumstances. The statute states, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In short, this "three strikes" provision allows the court to dismiss a case where the prisoner seeks to proceed *in forma pauperis* if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous, malicious, or failed to state a claim for relief.  28 U.S.C. § 1915(g); *Edwards v. Gaul,* 40 F. App'x 970, 971 (6th Cir. 2002) (holding that the district court properly dismissed without prejudice a prisoner's civil rights complaint barred by the "three strikes" provision).

Plaintiff is a prolific filer in federal court.  He has filed at least three prior civil rights complaints which have been dismissed as frivolous or for failing to state a claim for relief.  *See Gresham v. Caruso*, No. 2:10-cv-196 (W.D. Mich. Oct. 27, 2011); *Gresham v. Canlis*, No. 2:11-cv-179 (W.D. Mich. July 29, 2011); *Gresham v. Wolak,* No. 2:10-cv-239 (W.D. Mich. July 25, 2011); *Gresham v. Caruso*, No. 2:10-cv-195 (W.D. Mich. Apr. 11, 2011); *Gresham v. Paine*, No. 1:10-cv-1146 (W.D. Mich. Mar. 8, 2011); *Gresham v. Caruso*, No. 1:10-cv-1038 (W.D. Mich. Jan. 26, 2011); *Gresham v. Verville*, No. 2:10-cv-198 (W.D. Mich. Jan. 19, 2011); *Gresham v. Mich. Dep't of Corr.*, No. 2:07-cv-241 (W.D. Mich. June 9, 2008).  Plaintiff also has received notice that he is a three-striker, having had several cases dismissed under 28 U.S.C. § 1915(g).  *See Gresham v. Mutschler*, No. 2:12-cv-9 (W.D. Mich. Feb. 12, 2012); *Gresham v. Violetta*, No. 2:12-cv-24 (W.D. Mich. Feb. 6, 2012); *Gresham v. Dahl*, No. 2:12-cv-21 (W.D. Mich. Feb. 6, 2012); *Gresham v. Napel*, No. 2:11-cv-520 (W.D. Mich. Feb. 6, 2012); *Gresham v. Snyder*, No. 2:12-cv-5 (W.D. Mich. Jan. 27, 2012); *Gresham v. LaChance*, No. 2:11-cv-231 (W.D. Mich. June 24, 2011); *Gresham v. Canlis*, No. 2:11-cv-179 (W.D. Mich. June 9, 2011).

A plaintiff may maintain a civil action despite having had three or more civil actions dismissed as frivolous if the prisoner is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  To establish that his complaint falls within the statutory exception to the three-strikes rule, a prisoner must allege that he is under imminent danger at the time that he seeks to file his complaint and proceed *in forma pauperis*.  *Vandiver v. Vasbinder*, 416 F. App'x 561 (6th Cir. Mar. 28, 2011).

Plaintiff's complaint includes sweeping arguments of conspiracies and retaliation.  The allegations are difficult to follow and the claimed constitutional violations are frequently attributed to unnamed groups of people rather than particular Defendants.  Plaintiff has filed at least twelve previous complaints under § 1983 claiming that he is in imminent danger of serious physical injury.  His arguments in this case appear to be yet another attempt to circumvent the three-strikes bar.  Plaintiff alleges three general claims of imminent danger: (1) he has been the victim of retaliatory transfers because of his involvement in MI-Cure, a prisoner advocacy group; (2) corrections officers have labeled him a "snitch"; and (3) he was assaulted by another inmate.

Plaintiff's allegations of retaliatory transfers and assault by another inmate involve past actions.  Assertions of past danger are insufficient to satisfy the imminent danger exception.  *Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007).  Petitioner's claim that he is in imminent danger because he was labeled a snitch is substantiated with insufficient facts or detail to raise a real possibility that he is in danger of imminent physical injury.  Accordingly,

IT IS ORDERED that Plaintiff's application for leave to proceed without prepayment of the filing fee is DENIED.

3

IT IS FURTHER ORDERED that Plaintiff's complaint [Dkt. # 1] is DISMISSED

pursuant to 28 U.S.C. § 1915(g).  This dismissal is without prejudice to Plaintiff filing a

new complaint with payment of the filing fee.

 s/Robert H. Cleland                   

ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  April 19, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, April 19, 2013, by electronic and/or ordinary mail.

 s/Lisa Wagner                           

Case Manager and Deputy Clerk
(313) 234-5522
