UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL GRESHAM,

        Plaintiff,

v.                                                   Case Number: 13-10351

DAPHNE M. JOHNSON, et al.,

        Defendants.
                                     /

**ORDER DENYING PLAINTIFF'S "MOTIONS IN SUPPORT OF RULE 60 ..."**

On April 19, 2013, the court denied Michigan state prisoner Michael Gresham permission to proceed *in forma pauperis* in this matter because he has "three strikes" under 28 U.S.C. § 1915(g), and dismissed the complaint without prejudice. This matter is now before the court on two identical pleadings filed by Plaintiff, both entitled "Motion in Support of Rule 60 Submitting Affidavit Statement of Prisoner Hursey # 237259 Supporting Retaliation, Conspiracy Life Endangerment." Because the second motion is duplicative of the first, it will be denied as such. The court addresses the merits of the first motion below and finds no basis for granting relief from judgment.

Federal Rule of Civil Procedure 60(b) provides that relief from judgment may be granted only for certain specified reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or the like; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective

application; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b)(1)-(6).

Plaintiff does not specify the subsection pursuant to which he seeks relief from judgment, but relief is unavailable under any subsection. "A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of final judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). The judgment in this case was entered on April 19, 2013 and the motion is signed and dated by Plaintiff on December 15, 2014. Thus, Plaintiff is time-barred from proceeding under Rule 60(b)(1), (2), or (3). *See In re G.A.D., Inc.,* 340 F.3d 331, 334 (6th Cir. 2003) ("Regardless of circumstances, no court can consider a motion brought under Rule 60(b)(1), (2), or (3) a year after judgment.").

Rule 60(b) motions filed under Rule 60(b)(4), (5), or (6), must be brought "within a reasonable time." Fed. R. Civ. P. 60(c)(1). Determining whether a motion has been filed within a reasonable time "ordinarily depends on the facts of a given case including the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief." *Olle v. Henry & Wright, Corp.*, 910 F.2d 357, 365 (6th Cir. 1990). Plaintiff's first motion was filed approximately 20 months after the court issued its judgment. Plaintiff provides no explanation for why he waited so long to file his motion. He does not claim newly-discovered evidence or that he was previously unaware of the basis for his motion. There are no circumstances compelling equitable relief in this case. Given these factors, the court finds that Plaintiff's motion was not filed within a reasonable time.

Alternatively, even if the motion was timely filed, the court finds no basis for relief from judgment. The motion appears to challenge the court's determination that Plaintiff could not proceed *in forma pauperis* under the imminent danger exception to the three-strikes rule. The sole support provided is an excerpt from a purported affidavit from another prisoner, Dashi Hursey. The excerpt states that, while incarcerated at the Macomb Correctional Facility in January 2013, Hursey overheard prison officials plotting to disrupt Plaintiff's legal proceedings, forcibly medicate him, falsify his health file, and issue Plaintiff false misconduct tickets. The "affidavit" is actually an unnotorized excerpt apparently handwritten by Plaintiff and unsigned by Hursey. The court finds no indication that Hursey had any involvement in preparation of this "affidavit," agreed with its contents, or was even aware of its existence. In fact, Plaintiff previously has forged another inmate's signature on a prisoner civil rights complaint and other related documents. (*See* 3/4/14 Order, *Gresham and Love v. Yunker, et al.,* No. 2:13-cv-221 (W.D. Mich.).)

In addition, even if properly authenticated, the allegations contained in the "affidavit" do not establish imminent danger. First, the allegations regarding false misconduct tickets and interference with legal proceedings do not concern a real and proximate danger of serious physical injury. *Tucker v. Pentrich*, 483 F. App'x 28, 30 (6th Cir. 2012) (holding that allegations of imminent danger must show a threat of "serious physical injury" that is "real and proximate"). Second, the allegations of imminent danger are conclusory and based upon an unauthenticated "affidavit." *See id.* ("[A]llegations that are conclusory ... do not suffice to allege imminent harm.").

The court finds no basis for granting Plaintiff relief from judgment. Plaintiff's first "Motion in Support of Rule 60 ..." (Dkt. #9) is DENIED and his second "Motion in Support of Rule 60 ..." (Dkt. #10) is DENIED AS MOOT.

      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: September 30, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 30, 2015, by electronic and/or ordinary mail.

      S/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522